# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

| | |
|---|---|
| MELISSA CLARK, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No.  3:22-CV-457-DJH |
| ) | |
| WAL-MART STORES, INC. and ) | |
| GENERAL ELECTRIC COMPANY, ) | |
| ) | |
| Defendants. ) | |
| ) | *ATTORNEY LIEN CLAIMED* |

## ORIGINAL COMPLAINT

COMES NOW the Plaintiff, Melissa Clark, and for her causes of action against the Defendants, alleges and states as follows:

### THE PARTIES

1. The Plaintiff, Melissa Clark, is a citizen of the State of Kentucky.

2. Wal-Mart Stores, Inc., (hereinafter "Wal-Mart") is a foreign corporation incorporated in the State of Delaware.  Its principal place of business is in the State of Arkansas and it is licensed to do business in the State of Kentucky.

3. General Electric Company., (hereinafter "General Electric") is a foreign corporation incorporated in the State of New York.  Its principal place of business is in the State of Massachusetts. It is licensed to do business in the State of Kentucky.

4. This Court has jurisdiction over this lawsuit based on diversity of citizenship under 28 U.S.C. § 1332.

1

## FACTUAL ALLEGATIONS

5. At all times relevant herein, General Electric was in the business of designing and distributing into the stream of commerce certain food processors and in fact designed and distributed a GE – Branded 14-cup Food Processor Model #169203 (hereinafter "Food Processor") that caused the Plaintiff to be injured. General Electric was also the licensor of the Food Processor.

6. At all times relevant herein, Wal-Mart was in the business of designing, testing, manufacturing, selling and distributing into the stream of commerce certain food processors and in fact designed, tested, sold and distributed the Food Processor that caused Plaintiff's injuries.

7. At the time the Food Processor was designed, manufactured, sold, or otherwise placed into the stream of commerce, it contained a safety interlock designed to prevent the rotation of the blades if the lid was not properly locked onto the Food Processor.

8. On or about March 26, 2022, at the Plaintiff's residence in County of Nelson in the State of Kentucky, the Plaintiff was using the Food Processor at her residence to blend artichokes. The Food Processor would not process the artichokes. So, the Plaintiff removed the Food Processor's lid and repositioned the blade assembly and pressed down on it when it suddenly turned on. The blades spun at rapid speeds and caused the Plaintiff to sustain severe cuts to her hand and fingers.

## THEORIES OF RECOVERY

### I. Strict Product Liability

9. The above captioned paragraphs are incorporated herein as if fully set forth.

10. The Food Processor was unreasonably dangerous by reason of its defects in design, manufacture and because it does not contain adequate warnings concerning its dangerous characteristics, for which the Defendants should be held strictly liable.

11. The Plaintiff was exposed to the Food Processor without knowledge of its dangerous characteristics.

12. The Food Processor was not reasonably safe for its foreseeable use due to manufacturing defects and design defects which proximately caused Plaintiff's injuries. The primary manufacturing and design defects which rendered the Food Processor unreasonably dangerous include the Food Processor:

    a) Allowing the blades to rotate when the lid was not in place;

    b) Not being equipped with a properly functioning safety interlock to prevent the blades from rotating when the lid is not in place;

    c) Failing to meet the requirements of Underwriters Laboratory Standard 982;

13. The design and manufacturing of the GE Food Processor created such a risk of it causing harm to the user that an ordinarily prudent company engaged in the manufacturer of food processors, being fully aware of such risk, would not have put it on the market.

14. The Food Processor contained these manufacturing defects and design defects when it was designed, manufactured, sold and otherwise placed into the stream of commerce by General Electric and Wal-Mart. These defects were a proximate cause in causing Plaintiff's harm. The Food Processor did not perform as safely as an ordinary consumer would have expected it to perform when used in a foreseeable way.

15. The Food Processor created such a risk of an accident and injury that an ordinarily prudent company engaged in the manufacture of food processors would not have put it on the market.

16. Also, the Food Processor was defective because the Defendants failed to adequately warn or instruct the Plaintiff of the potential risks of adjusting the blade in the food processor without the lid to the food processor attached.  The risk that blades could start without the lid to the food processor attached was known to the Defendants before the Food Processor was manufactured and sold. Indeed, e-mails between the Defendants as early as 2009 contain statements that the safety interlock was failing and that it was possible for the blades to rotate when the blade is put on.  These risks presented a substantial danger when the Plaintiff put on the blade to the Food Processor.  Further, neither the Plaintiff nor any other ordinary consumer would recognize that the blade to the food processor could begin to unexpectedly spin when the blade is installed. The Defendants' failure to warn regarding these hazards was a proximate cause of Plaintiff's harm.

17. A safer alternative design existed that would have, in reasonable probability, prevented or significantly reduced the risk of the Plaintiff's injury and was economically and technologically feasible at the time the Food Processor left the control of the manufacturer or seller by the application of existing or reasonably achievable scientific knowledge.  This alternative design would not have impaired the Food Processor's utility.

18. The defect in the Food Processor was a substantial factor in causing the Plaintiff to sustain injuries and damages.

19. The Food Processor reached the Plaintiff in the condition in which it was manufactured, sold and distributed.

II. Negligence

20. The above captioned paragraphs are incorporated herein as if fully set forth.

21. The Defendants owed a duty to the Plaintiff to exercise ordinary care in designing, manufacturing, testing, warning, selling and distributing the Food Processor. Further, the Defendants owed a duty to conduct an adequate recall and\or retrofit campaign after it became aware that the manufacturing and design defects existed in the Food Processor.

22. The Defendants breached this duty by designing, selling, promoting and distributing the Food Processor with dangerous manufacturing and design defects and also by failing to warn the Plaintiff of these defects.  The breach of these duties caused the Plaintiff to sustain injuries and was a proximate cause in causing the Plaintiff's harm. The Defendants also breached this duty by failing to recall and\or retrofit the product when it discovered these defects.  These defects were discovered well before the date the Plaintiff was injured. Indeed, the Defendants were aware of many other incidents of the safety interlock malfunctioning and causing injuries to consumers before the Food Processor was sold to the Plaintiff.  Further, before the Food Processor was sold to the Plaintiff, the Defendants had conducted other internal and 3rd party testing demonstrating the failure of the safety interlock device. Despite this, the Defendants failed to recall the Food Processor or retrofit it in a way that fixed the safety interlock device before it was sold to the Plaintiff.

23. The Food Processor did not contain a warning regarding the defective safety interlock, a defect known to the Defendants and was reasonably foreseeable with the expected and/or intended use of the Food Processor and/or said Defendants became aware of and/or knew and/or should have reasonably known of the Food Processor's defective design and/or inherent danger and failure to warn the Plaintiff of said defective condition.

24. The foregoing acts and/or omissions of the Defendants were a proximate cause of Plaintiff's damages.

## DAMAGES

25. The above captioned paragraphs are incorporated herein as if fully set forth.

26. The Food Processor was the proximate cause of Plaintiff's damages. The Defendants are therefore liable for the following damages in excess of $75,000.00:

    a. Past and future medical expenses;

    b. Past and future physical pain;

    c. Past and future mental suffering;

    d. Loss of earning capacity;

    e. Permanent injuries;

    f. Physical impairment;

    g. Loss of enjoyment of life;

    h. Punitive damages;

    i. Other damages to be set forth after discovery is completed.

27. The Defendants actions amounted to oppression, malice or fraud. The Defendants knew before it injected the Food Processor into the stream of commerce that it was dangerously defective. Plaintiffs seeks punitive damages in an amount in excess of $75,000.00

28. Plaintiff demands a jury trial on all issues.

    Respectfully Submitted

    KARL TRUMAN LAW OFFICE, LLC

    */s/ Karl Truman*
    Karl N. Truman
    420 Wall Street

Jeffersonville, IN  47130
(812) 282-8500 Phone
(812) 282-5388 Fax
karltruman@trumanlaw.com
marshadailey@trumanlaw.com